24 F.3d 248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Paul PIPER, a single person, Plaintiff,
and
Charles Oren Anderson, husband; Judy Anderson, wife,
Plaintiffs-Appellants,
v.
J.R. SIMPLOT COMPANY, INC., Defendant-Appellee.
 No. 93-35011.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 10, 1994.
Decided May 12, 1994.
 
 Before: HUG, HALL, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Charles Oren Anderson ("Anderson") appeals from the district court's denial of his motion for a new trial, after a jury verdict and entry of judgment for appellee J.R. Simplot Company, Inc. ("Simplot"), in Anderson's age discrimination claim under the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621 et seq. Anderson claims that the district court committed reversible error when it made several evidentiary rulings during trial, and that these errors denied him a fair trial. We affirm.
 
 I.
 
 3
 We review a district court's decision concerning a motion for a new trial pursuant to Federal Rule of Civil Procedure 59 for an abuse of discretion. Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 278 (1989); Hard v. Burlington N. R.R., 812 F.2d 482, 483 (9th Cir.1987).
 
 
 4
 We review the district court's evidentiary rulings for an abuse of discretion. Rent-A-Center, Inc. v. Canyon Television and Appliance, Inc., 944 F.2d 597, 601 (9th Cir.1991). We will not reverse the rulings absent prejudice. Roberts v. College of the Desert, 870 F.2d 1411, 1418 (9th Cir.1988). The district court has broad discretion in admitting and excluding expert testimony, and we will not disturb its decision in this regard unless it is "manifestly erroneous." Taylor v. Burlington N. R.R. Co., 787 F.2d 1309, 1315 (9th Cir.1986).
 
 II.
 
 5
 Anderson contends that the district court committed reversible error when it (1) disallowed from Anderson's case-in-chief expert testimony of Anderson's expert witness, Dr. Slaughter, pertaining to whether Simplot's termination policy had a disparate impact on older workers; (2) disallowed the same testimony when Anderson attempted to introduce it as rebuttal to testimony presented by Simplot; (3) disallowed the introduction of four exhibits, proffered by Anderson, purporting to show that Simplot's termination policies had a disparate impact on older workers; and (4) permitted Simplot to introduce testimony from its expert, James Ware, who rebutted testimony of one of Anderson's witnesses.
 
 A.
 
 6
 Anderson argues that the district court erred when it excluded Dr. Slaughter's disparate impact analysis from Anderson's case-in-chief. Prior to trial, Simplot requested from Anderson a notification of the experts Anderson planned to call at trial, and their expected area of testimony, pursuant to Federal Rule of Civil Procedure 26(b)(4)(A)(i). Anderson designated Dr. Slaughter as an expert economist to testify on the issue of damages. Not until the fourth day of trial did Anderson indicate that Dr. Slaughter would testify to a statistical disparate impact analysis.
 
 
 7
 Even if Anderson did not originally expect to call Dr. Slaughter to testify as to disparate impact, he was under a duty to supplement his discovery responses "seasonably," to inform Simplot of the expected statistical analysis. Fed.R.Civ.P. 26(e)(1). Anderson never provided such a supplemental response. Moreover, it appears that Anderson contemplated disparate impact evidence in July, 1992 (the month before trial), because he raised the issue in his trial brief.
 
 
 8
 The district court has the authority to exclude the testimony of expert witnesses for a breach of Rule 26. See Campbell Indus. v. M/V Gemini, 619 F.2d 24, 27 (9th Cir.1980). Given the circumstances, the district court's ruling that Anderson failed to give Simplot adequate notice of the testimony and that the evidence therefore should be excluded is entirely reasonable. See Jenkins v. Whittaker Corp., 785 F.2d 720, 728 (9th Cir.) (finding that trial court properly excluded defendant's expert testimony when defendant failed to give notice of the testimony under Rule 26(b)(4)(A)(i), and further failed to supplement its discovery responses pursuant to Rule 26(e)(1)), cert. denied, 479 U.S. 918 (1986). The district court did not err in excluding Dr. Slaughter's testimony from Anderson's case-in-chief.
 
 B.
 
 9
 Anderson next argues that the district court erred in disallowing the introduction of Dr. Slaughter's statistical analysis as rebuttal to testimony from Simplot's human resources expert, James Ware. In deciding not to allow the rebuttal testimony, the court found that Ware had not testified to anything that Dr. Slaughter's statistical analysis would rebut. The district court appears to have erred in making this determination.
 
 
 10
 Ware testified that "there was nothing illegal or in violation of the law regarding any of the reductions in force that occurred [during the relevant time period] at the J.R. Simplot Company." However, facially age-neutral employment policies that have a disproportionate impact on older workers may be forbidden under the ADEA. Palmer v. United States, 749 F.2d 534, 538-39 (9th Cir.1986). Thus, Dr. Slaughter's testimony, that the reduction in force had a disparate impact on older workers, would have rebutted Ware's assertion that "there was nothing illegal" about Simplot's policies.
 
 
 11
 However, while the court may have erred in determining that Dr. Slaughter's testimony had no rebuttal value, it did not abuse its discretion when it determined that any error in prohibiting the testimony was not prejudicial to Anderson's case. The court reasoned that, because statistical evidence showing disparate impact is only the "starting point" in proving a disparate treatment case, Gay v. Waiters' and Dairy Lunchmen's Union, 694 F.2d 531, 552 (9th Cir.1982), the decision to disallow such evidence did not substantially prejudice Anderson's right to a fair trial.
 
 
 12
 A plaintiff may establish a disparate treatment claim with statistical evidence alone. Id. In order to do so, however, the statistics must show "a clear pattern" of discrimination, "unexplainable on grounds other than [age]." Id. The statistical disparity to which Dr. Slaughter was to testify falls far short of showing a "stark" pattern of discrimination. As such, Anderson would not have been able to support his disparate treatment claim with statistical evidence alone.
 
 
 13
 Absent such a "stark" statistical pattern of discrimination, a plaintiff must bolster his statistics with other evidence of discrimination. Id. at 552-53. Anderson has failed to point to other evidence in the record that would buttress his claim of disparate treatment, and our review of the record reveals that little such evidence was presented at trial. The relative weakness of the statistical proof to which Dr. Slaughter was to testify, coupled with the dearth of convincing circumstantial evidence of discrimination leads us to conclude that the error of the district court in disallowing Dr. Slaughter's testimony did not substantially prejudice Anderson's trial. The district court did not abuse its discretion when it ruled that its error, if any, did not warrant a new trial. See id. at 555 (finding harmless the district court's error in not considering plaintiff's statistical evidence offered to prove disparate treatment claim, because the plaintiff's "statistical and circumstantial evidence, properly viewed together, was markedly insufficient to establish a prima facie case of disparate treatment").
 
 C.
 
 14
 Anderson next argues that the district court erred in removing from the jury's consideration four exhibits, designated 1A, 1B, 2 and 3, that purported to show that Simplot's reduction-in-force had a disparate impact on older workers. The court initially allowed the exhibits to be introduced, on the condition that Anderson tie them up with expert testimony establishing their significance. The court later excluded the exhibits, finding that Anderson failed to provide the expert statistical testimony required to lay the proper foundation.
 
 
 15
 Dr. Slaughter's testimony presumably would have provided a foundation for the exhibits. Because the court erred in excluding Dr. Slaughter's testimony as rebuttal evidence, the exclusion of the exhibits on the ground that they were not accompanied by expert testimony also appears to be error. However, because we conclude that Anderson's disparate impact statistics were insufficient by themselves, or in conjunction with other evidence to establish a disparate treatment case, see supra section B, the exclusion of the exhibits was harmless, and did not warrant a new trial. See Gay, 694 F.2d at 555.
 
 D.
 
 16
 Finally, Anderson argues that the district court erred when it allowed Simplot to introduce testimony of James Ware, a human resources specialist. Anderson alleges that Ware testified that Simplot's termination policies were "age-blind" and "age-neutral." Anderson claims that this testimony was improper because it was based on hearsay statements of Simplot managers, and therefore usurped the jury's function to determine the credibility of the testimony of those managers.
 
 
 17
 Anderson mischaracterizes Ware's testimony. Ware never testified that Simplot's reduction-in-force decisions were "age-blind" or "age-neutral." Rather, Ware simply stated that, if a termination decision was age-blind or age-neutral, it would be in compliance with employment law and with Simplot's equal employment opportunity policies. Ware did testify that he agreed with the conclusion of Anderson's witness, Gary Wallis, that "there was nothing illegal or in violation of the law regarding any of the reductions in force" that occurred during the relevant time period. However, the mere fact that one of Simplot's witnesses agreed with a conclusion of Anderson's own witness can hardly be said to have prejudiced Anderson's trial.
 
 
 18
 The district court did not abuse its discretion when it determined that there was no prejudicial error in its decision to admit Ware's testimony.
 
 III.
 
 19
 Anderson has failed to establish that the district court committed prejudicial reversible error in making the foregoing evidentiary rulings.
 
 
 20
 The order of the district court denying Anderson's motion for a new trial is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3